
[FILED]

RECEIVED

AUG 1 0 2001

2001 AUG 10  P 2:50

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE DOUGLAS, et al., <br> *[illegible], ALA* <br> Plaintiff, <br><br> v. <br><br> STATE OF ALABAMA; DON SIEGELMAN, in his official capacity as Governor of the State of Alabama; BILL PRYOR, in his official capacity as Attorney General of the State of Alabama; and JIM BENNETT, in his official capacity as Secretary of State of the State of Alabama, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 01-W-992-N <br> ) <br> ) Three-Judge Court Requested <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Notice is hereby given that all of the Defendants hereby join in removing the above-styled civil action now pending in the Circuit Court of Montgomery County, Alabama, Civil Action No. CV-2001-1985, to the United States District Court for the Middle District of Alabama. As grounds for removal, Defendants show the following:

1.  Plaintiff filed this action against Defendants in the Circuit Court of Montgomery County, Alabama, on July 5, 2001. Defendants were served by certified mail, with the first Defendant being served on July 11, 2001. Thus, this notice or removal is timely filed pursuant to 28 U.S.C. § 1446(b).

2.  Plaintiff's Complaint challenges the apportionment of congressional districts in the State of Alabama under Article I, § 2, of the Constitution of the United States, the Equal Protection Clause of the Fourteenth Amendment, the Fifteenth Amendment, and 42 U.S.C. §

1983. Compl. ¶¶ 24–32.[1]  These claims are within the original jurisdiction of this Court, 28 U.S.C. §§ 1331, 1343(3) & (4), and this civil action is thus removable pursuant to 28 U.S.C. § 1441(b).

3. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon . . . defendants" in state court is attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a "Notice of Filing of Notice of Removal," a copy of which is attached hereto as Exhibit B, is being filed in the Circuit Court of Montgomery County, Alabama, and served upon Plaintiff's counsel.

4. Because Plaintiff challenges the apportionment of congressional districts in the State of Alabama, this action must be heard by a district court of three judges.  28 U.S.C. § 2284(a).  Defendants therefore respectfully request that a three-judge court be convened pursuant to 28 U.S.C. § 2284.

5. Defendants intend to file a motion to dismiss, or in the alternative, to stay this action as premature on or before August 17, 2001.  *See* Fed. R. Civ. P. 81(c) (answer or motion to be filed within five days of removal).

WHEREFORE, the above premises considered, Defendants request that the filing of this Notice of Removal effect the removal of this action from the Circuit Court of Montgomery County, Alabama.

Respectfully submitted this the 10th day of August, 2001.

---

[1] Plaintiff's Complaint also challenges the apportionment of congressional districts in the State of Alabama under Article I, § 33, of the Constitution of Alabama.

2

*signature*
BILL PRYOR
Attorney General of Alabama
JOHN J. PARK, JR.
CHARLES B. CAMPBELL
Assistant Attorneys General
  Attorneys for Defendants State of Alabama; Bill Pryor, in his official capacity as Attorney General of the State of Alabama; and Jim Bennett, in his official capacity as Secretary of State of the State of Alabama

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
(334) 353-8440 FAX

*signature*
LARRY T. MENEFEE
  Attorney for Defendant Don Siegelman, in his official capacity as Governor of the State of Alabama

407 South McDonough Street
Montgomery, Alabama 36104-4225
(334) 265-6002
(334) 832-9476 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing "Notice of Removal" has been served upon the following by first-class United State Mail, postage prepaid, on this the 10th day of August, 2001:

>Joe R. Whatley, Esq.
>Richard P. Rouco, Esq.
>Whatley Drake, LLC
>505 20th Street North
>1100 Financial Center
>Birmingham, Alabama 35203

_____
Of Counsel

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| Willie Douglas,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF ALABAMA; DON SIEGELMAN, in his official capacity as Governor of the State of Alabama; BILL PRYOR, in his official capacity as Attorney General of the State of Alabama; and JIM BENNETT, in his official capacity as Secretary of State of the State of Alabama,<br><br>      Defendants. | )<br>)<br>)<br>)<br>) CASE NO. CV 2001 1985<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The plaintiffs complain against the defendant as follows:

1. The plaintiff, an African American voter, brings this action against the defendants to ensure that all African American citizens of the State of Alabama receive fair and equal representation when Congressional districts are redrawn to reflect the most recent census data.

### Parties

2. The plaintiff Willie Douglas is an African American citizen of the State of Alabama. He resides at 2613 Endicott Drive, Montgomery, Alabama 36116. His votes in the Second United States Congressional District.

3. Defendants are the State of Alabama and its officials who have duties and responsibilities under the laws of the state to redistrict all legislative districts in Alabama following the release of the 2000 census. Defendant Don Siegelman is the Governor of the State of Alabama and chief executive officer of the defendant State of Alabama. Defendant Siegelman

has authority to sign bills into law that have been enacted by the Alabama Legislature. Defendant Bill Pryor is the Attorney General of the State of Alabama and the primary officer responsible for the enforcement of state law. Defendant Jim Bennett is Secretary of State for the defendant State of Alabama and is responsible under the laws of the state to oversee the conduct of elections. All defendants are sued in their official capacities.

### Factual Allegations

11.   The next primary elections for the office of U.S. Congressional Representative in each of the current congressional districts are scheduled for June 2002.

12.   Prior the 1992 congressional primaries, the Alabama Legislature adopted legislation that redrew the extant congressional districts to reflect the 1990 census data. This plan never became effective because it did not receive Section 5 pre-clearance from the United States Justice Department.

13.   Because the plan adopted by the Alabama Legislature in 1992 failed to receive pre-clearance in time for the 1992 congressional primaries, a three-judge panel in *Wesch v. Hunt*, 785 F. Supp. 1491 (S. D. Ala. 1992) adopted and imposed a districting plan. The plan is referred to in the *Wesch* decision as the "1992 Alabama Redistricting Plan." *Id.* at 1501.

14.   Under the order entered in *Wesch*, the 1992 Alabama Redistricting Plan was to remain in effect until such time as the Alabama Legislature adopted a plan that the Department of Justice had pre-cleared.

15.   The Alabama Legislature never managed to enact a plan and, as a result, the 1992 Alabama Redistricting Plan (hereinafter the 1992 Plan) remains in effect.

16.     The 2000 census data for Alabama was released on March 12, 2001. The census data establish that there was a significant change in the State's population. In 1990, Alabama had a total population of 4,040,587. The 2000 census data shows that the State's population has grown to 4,447,100. The plaintiff's congressional district has experienced a 2.36 percent increase in population.

17.     The Alabama Legislature ended the 2001 Regular Session without a districting plan for Alabama's seven seats in the United States House of Representatives. The recent Special Session that ended on July 3, 2001 did not adopt a districting plan for the Congressional seats. Though a special session is planned for August 2001, the State still lacks Congressional districts that reflect the 2000 census data.

18.     As a result of such population changes, the districts drawn under the 1992 plan are mal-appportioned. The districts do not meet the requirement of population equality.

19.     The census data also establish that the districts under the 1992 plan needlessly fragments the State's African American population.

## COUNT I

**(Alabama Constitutional Claim)**

20.     The plaintiffs restate and incorporate by reference the factual allegations contained in the preceding paragraphs.

21.     Article I, Section 33 of the Alabama Constitution states that the right of suffrage shall be protected by laws regulating elections.

22.     The current law defining the districts for each Alabama seat in the United States House of Representatives restrains and interferes with the right of suffrage on account of race and thereby laws regulating elections..

23. WHEREFORE, premises considered, the plaintiff request that (1) declare that the current districts violate Article I Section 33 of the Alabama Constitution, (2) retain jurisdiction over any efforts of the State to redistrict existing congressional districts to ensure that any new plan complies with Article I, Section 33, (3) order the defendant to pay a reasonable attorney's fee plus the cost of litigation and (4) any other legal or equitable relief the Court deems appropriate.

## COUNT II

### (Section 1983-Fourteenth Amendment and Article I Claim)

24. The plaintiffs restate and incorporate by reference the factual allegations contained in the preceding paragraphs.

25. The 1992 plan does not account for the new 2000 census data and as a consequence it violates the one person, one-vote rights of the plaintiffs. The denial of the one person, one vote right results in diluting and/or under-weighting of the plaintiffs and class members vote on account of their place of residence.

26. The denial of plaintiffs and class members' one person, one vote rights and consequent dilution and/or under-weighting of voting rights because of their place of residence violates the U. S. Constitution's Fourteenth Amendment guarantee of Equal Protection.

27. The denial of plaintiffs and class members' one person, one vote rights and consequent dilution and/or under-weighting of voting rights because of their place of residence violates the Article I, Section 2 of the United States Constitution.

28. WHEREFORE, premises considered, the plaintiff request that (1) declare that the current districts violate Article I, Section 2 and the Fourteenth Amendment's guarantee of Equal Protection, (2) retain jurisdiction over any efforts of the State to redistrict existing congressional

districts to ensure that any new plan complies with Article I, Section 2 and the Fourteenth Amendment, (3) order the defendant to pay a reasonable attorney's fee plus the cost of litigation and (4) any other legal or equitable relief the Court deems appropriate.

## COUNT III

### (Section 1983 Racial Voter Dilution Claim)

29.     The plaintiffs restate and incorporate by reference the factual allegations contained in the preceding paragraphs.

30.     The districts drawn under the 1992 plan needlessly dilute and/or fragment the voting power of the State's African American voters. As currently designed and in light of the new census data, the districts under the 1992 plan deny and/or interfere with the plaintiff opportunity to participate in the political process. The current districts also violate the principal of one person-one vote.

31.     Such dilution and interference violate the Fourteenth and Fifteenth Amendments to the United States Constitution.

32.     WHEREFORE, premises considered, the plaintiff request that (1) declare that the current districts violate the Fourteenth Amendment's guarantee of Equal Protection and the Fifteenth Amendment to the United States Constitution, (2) retain jurisdiction over any efforts of the State to redistrict existing congressional districts to ensure that any new plan complies with the Fourteenth and Fifteenth Amendments, (3) order the defendant to pay a reasonable attorney's fee plus the cost of litigation and (4) any other legal or equitable relief the Court deems appropriate.

*/s/ Richard Rouco*
Joe R. Whatley, Esq.
Richard P. Rouco, Esq.

5

OF COUNSEL:
Whatley Drake, LLC
505 20th Street North
1100 Financial Center
Birmingham, Alabama 35203
205-328-9576 fax: 205-328-9669

6